David M. Daly, Esq. Village Attorney, Pelham
You have asked whether a village is authorized to enact a local law amending State law, providing for the deputy mayor to perform the duties of the mayor until the board of trustees makes an appointment to fill the vacancy as required by law. While you have forwarded to us a proposed local law, as I previously explained to you we cannot evaluate the proposal. As a matter of policy, our opinions answer questions of law, but do not give advice as to whether specific legislative proposals meet applicable legal criteria. We believe it is more appropriate for the municipal attorney, the official counsel to a local government, to advise the local governing body with respect to specific legislative proposals.
You have informed us that there is concern that upon the resignation of the mayor, the board of trustees will be unable to agree upon a successor. The trustees have the responsibility to fill the vacancy under section 3-312(3) of the Village Law. Under that provision, the board of trustees is required to make an appointment to fill a vacancy in the office of mayor until an election can be held, as required by the State Constitution, to fill the vacancy for the balance, if any, of the term (NY Const, Art XIII, § 3).
Under State law, the mayor is required to appoint a deputy mayor who "during the absence or inability of the mayor, is vested with all the powers and may perform all the duties of the mayor" (Village Law, §4-400[1][h]). By its terms, this section does not permit the deputy mayor to assume the duties of the mayor in the event of a vacancy in that office. In a previous opinion of this office, we found, however, that this section authorizes the deputy mayor to perform the duties of mayor upon the occurrence of a vacancy in that office, but not beyond the first board meeting at which the board of trustees can fill the vacancy (1982 Op Atty Gen [Inf] 206). We reasoned that State law mandates the filling of the vacancy and the board of trustees may not, through indecision or conscious design, permit the deputy mayor to serve beyond this time. Through this construction, we implemented the State policies of preventing a vacuum in government and requiring that vacancies in office be filled as quickly as possible (ibid.).
Your proposed local law would amend section 4-400(1)(h) of the Village Law to provide for the deputy mayor to perform the duties of the mayor upon the occurrence of a vacancy in that office but only until the board of trustees makes an appointment to fill the vacancy as required by law. An election is inevitably required under the State Constitution to fill the vacancy for the balance of the term (NY Const, Art XIII, § 3; Village Law, § 3-312[3]).
In our view, the village has the authority to enact the proposed local law. Villages are authorized to enact local laws amending or superseding provisions of the Village Law to the extent of their home rule powers (Municipal Home Rule Law, § 10[1][ii][e][3]). Village home rule powers include the authority to enact local laws dealing with their property, affairs and government and in relation to the powers, duties, qualifications and terms and conditions of employment of their officers and employees (id., § 10[1][i], [ii][a][1]). In our view, this authority is sufficient to permit an amendment of section 4-400
of the Village Law to expand the duties of the deputy mayor as proposed.
It is our view that the proposed local law would not be subject to a mandatory referendum. Under section 23(2)(f) of the Municipal Home Rule Law a local law which abolishes, transfers, or curtails any power of an elective officer is subject to a mandatory referendum. The proposed local law would not affect the power of the village board of trustees to fill the vacancy in the office of mayor and thereby withdraw the authority of the deputy mayor to perform the duties of that office. Under the proposed local law, while the deputy mayor performs the duties of mayor the office of mayor remains vacant and the board of trustees would be required to fill the vacancy as soon as possible (Village Law, §3-312[3]).* Nor would the functions of the office of mayor be changed. In our view the proposed local law is, therefore, also not subject to a mandatory referendum under section 23(2)(d) of the Municipal Home Rule Law in that it does not change the law of succession to the office of mayor.
Finally, in the event that the board of trustees does not enact the proposed local law, you have asked who will preside over meetings of the board of trustees and perform the other duties of the mayor upon the failure of the trustees to fill a vacancy in that office. We have found no provisions in the Village Law or elsewhere that provide guidance under these circumstances. The law mandates that a vacancy in the office of mayor be filled and requires that this duty be performed by the board of trustees (Village Law, § 3-312[3]). Upon the failure of the board of trustees to perform its statutory responsibilities and fill the vacancy, the responsibility of performing the mayor's duties will fall upon the shoulders of the trustees, who are the legislative and administrative agents of village government.
We conclude that a village is authorized to enact a local law to provide for the deputy mayor to perform the duties of the mayor in the event of a vacancy in that office, but only until the board of trustees makes an appointment to fill the vacancy as required by law.
* We note that under State law, if a vacancy in an elective office cannot be filled by appointment until an election can be held, the Governor "may in his discretion" proclaim a special election to fill the office (Public Officers Law, § 42[3]). Thus, an impasse would prevent the trustees from making an appointment and would activate the Governor's power under this provision.